IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | NO. 3:13-cr-00154-1 |
| v. ) | JUDGE RICHARDSON |
| ) | |
| THOMAS LAKE ) | |

**MEMORANDUM OPINION & ORDER**

Pending before the Court is Defendant's Motion for Early Termination of Supervised Release. (Doc. No. 49, "the Motion). To summarize Defendant's position, Defendant requests early termination of his supervision because he contends that "he has demonstrated his ability to be law abiding and avoid criminal behavior" and further supervision "is unnecessary and early termination will allow him to have better employment and opportunities in life as well as spend more time with his family and son." (*Id*. at 1).

The Government opposes Defendant's request for early termination of supervision based on representations made by Defendant's probation officer. (Doc. No. 51). The probation officer represented to the Government that "[D]efendant has been involved in domestic disputes with the mother of his child, as well as his son" and "[D]efendant's employment history has not been very strong." (Doc. No. 51).

**I. Background**

On August 21, 2015, Defendant pled guilty to knowingly possessing a firearm, specifically, a Glock model 30, .45 caliber pistol, after having previously been convicted in any court of a crime punishable by imprisonment for a term exceeding one year, in violation of 18 U.S.C. § 922(g)(1) and 924. (Doc. No. 1; Doc. No. 37). On November 10, 2015, the Court sentenced Defendant to a term of forty months' imprisonment and a thirty-six month term of supervised release. (Doc. No.

43). On February 2, 2018, the Board of Prison released Defendant from custody and he promptly began his term of supervised release. (Doc. No. 49 at 2). At the time of the filing of the Motion, Defendant had served approximately nineteen months of the thirty-six months of supervised release ordered by the Court pursuant to his post-sentence conditions. (*Id*. at 1).

**II. Law and Analysis**

Section 3583(e)(1) of Title 18, United States Code, permits early termination of supervised release, after the expiration of one year of supervised release, if the Court is satisfied that such action "is warranted by the conduct of the defendant released and the interest of justice." Factors to be considered in granting early termination include, to the extent applicable in a particular case: (1) "the nature and circumstances of the offense and the history and characteristics of the defendant"; (2) the need "to afford adequate deterrence to criminal conduct"; (3) the need "to protect the public from further crimes of the defendant"; (4) the need "to provide the defendant with needed education nor vocational training, medical care, or other correctional treatment"; (5) the kinds of sentence and sentencing range established by the United States Sentencing Commission for the applicable category of offense committed by the applicable category of defendant; (6) any pertinent policy statement issued by the United States Sentencing Commission; (7) "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct"; and (8) "the need to provide restitution to any victims of the offense." 18 U.S.C. §§ 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), & (a)(7).

In addition to these factors, federal judicial policy requires that courts consider the following factors when evaluating the appropriateness of early termination of supervised release: stable community reintegration, progressive strides toward supervision objectives, no aggravated

underlying convictions, no history of violence, no recent arrests, convictions, alcohol or drug abuse, and no identifiable risk to public safety. *Guide to Judiciary Policy*, Vol. 83 § 380.10(b) (2010).

In this case, upon the application of the § 3553 factors, and considering the recommendation of Defendant's probation officer, the Court **DENIES** Defendant's request for early termination of supervised release. The Court acknowledges Defendant's efforts to better himself while on supervised release, specifically, his enrollment in a course to learn to service HVAC units, and commends Defendant in that regard. Nevertheless, Defendant has not specified how remaining on supervised release will create any significant particular burden for him that would justify the Court's termination of supervision.

The Court has two observations regarding Defendant's claim that further supervision "is unnecessary and early termination will allow him to have better employment and opportunities in life as well as spend more time with his family and son." (*Id*. at 1). First, the assertion that further supervision is "unnecessary" is conclusory, and Defendant's conclusion that supervision is now unnecessary does not necessarily follow from the asserted fact that Defendant thus far has been law-abiding while on supervision; supervision can be "necessary" to help ensure that Defendant stays that way, especially since 19 months on supervision is not a particularly long "test" period. Second, Defendant has not explained how continued supervision will significantly decrease his ability to pursue employment opportunities or spend more time with family members. The Court understands that, like any personal obligations, conditions of supervised release can affect the ease of securing and maintaining employment and spending time with family. But Defendant has failed to explain why this effect is more than marginal or incidental in his case, or why he should be relieved of this effect, which is just part and parcel of what supervised releasees everywhere deal

with on a daily basis.

Moreover, the Court finds Defendant's probation officer's information regarding his domestic violence to be concerning and relevant to its consideration of Defendant's community reintegration and history of violence, especially considering Defendant pled guilty to a crime involving possession of a firearm.

As such, the Court continues to view the thirty-six month term of supervised release as sufficient but not greater than necessary to comply with the purposes of sentencing, and at this time, finds that Defendant must continue to serve that term. In denying Defendant's Motion, the Court has considered all of the applicable factors set forth in 18 U.S.C. § 3553(a), but focuses extensively on the "the nature and circumstances of the offense and the history and characteristics of the defendant"; the need "to afford adequate deterrence to criminal conduct"; and the need "to protect the public from further crimes of the defendant[,]" all of which point this Court to continuing supervision as ordered.

### III. Conclusion

The Court does not begrudge Defendant his request for early termination of supervised release. And Defendant is entitled to his opinion that continued supervision is "unnecessary." But the Court is unpersuaded as to the validity of that opinion and the merits of that request. For the reasons set forth above, the Court finds that neither "the conduct of the defendant" nor "the interest of justice" justify early termination of supervised release under 18 U.S.C. § 3553(e)(1) in this case. Therefore, Defendant's Motion for Early Termination of Supervised Release (Doc. No. 49) is **DENIED**.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE